## TIMBERLAKE v. BEARDSLEY.

(Supreme Court, Appellate Division, Second Department.   November 30, 1897.)

INSURANCE AGENT—POWERS.

    Mere general authority was conferred upon an agent of a fire Lloyds to issue policies and contracts of reinsurance in any cases where another Lloyds of which he was a member had a similar amount of insurance on the same risk. *Held*, that this did not empower him to reinsure his own association upon a risk which it had outstanding.

Appeal from trial term.

Action by Channing S. Timberlake against Frank R. Beardsley. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George Clinton, for appellant.
Mortimer M. Menken, for respondent.

CULLEN, J.   This action is brought by the plaintiff, as assignee of one Peter Lowentrout, to recover on a policy of insurance issued by the defendant with others, who were doing business as underwriters under the name of the Buffalo Fire & Marine Underwriters. Lowentrout and others, including one James G. Alden, were doing business as underwriters, under the name of the Security Fire Lloyds, Alden being the general attorney of the associates. The policy, the subject of the action, purported to reinsure the Security Fire Lloyds against one-half of a risk which the latter had outstanding. The principal place of business of the Security Fire Lloyds was in New York, while that of the Buffalo Underwriters was in Buffalo. Alden was appointed an agent of the latter, and authorized to issue policies and contracts of reinsurance throughout the country in cases where the Security Fire Lloyds had a similar amount of insurance on the same risk. The policy on which it is sought to render the defendant liable was issued by Alden, who thereupon notified Henry S. McFall, the general attorney of the Buffalo Fire & Marine Underwriters, of such issue. McFall forthwith directed Alden to cancel the policy.

We are of opinion that the power given Alden by his letter of appointment as agent did not authorize him to issue the policy in suit. If not elementary law, it is at least settled law, that "a general power or authority given to an agent to do an act for his principal does not extend to a case where it appears that the agent himself is the person on the other side." Bank of New York Nat. Banking Ass'n v. American Dock & Trust Co., 143 N. Y. 559, 38 N. E. 713. This principle excluded Alden, not only from reinsuring himself, but also others for whom he was acting as agent. Of course, his principals might have given Alden authority to reinsure himself and his associates; but general language was insufficient for the purpose, and I find nothing in the letter of appointment which can be fairly construed as authorizing it. If it had been shown that Alden had previously issued such policies, and the Buf-

falo Fire & Marine Underwriters had ratified or acquiesced in such acts, such acquiescence would authorize the jury to find that Alden had power to reinsure in his own favor.    No such fact was proved. As the case stood, the court should therefore have granted the defendant's motion to dismiss the complaint.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.    All concur.